UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY K. BUTTS,

     Plaintiff,

v.

MARLENA TAYLOR, *et. al.*,

     Defendants.

_____ /

Case No. 26-11544

F. Kay Behm
United States District Judge

## ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 2) AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 1)

Plaintiff Stanley Butts filed this action on May 8, 2026 against Defendants Judge Marlena Taylor, and prosecutors Mark Gabrielle and Bonita Hoffman, related to proceedings in his state criminal prosecution. ECF No. 1. He also filed an application to proceed without prepaying fees and costs. ECF No. 2. The court finds that application facially sufficient and **GRANTS** the application to proceed without prepaying fees and costs. But for the reasons explained below, his complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, and/or for seeking monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.   ANALYSIS

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2).  *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000).  Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under this subsection, a court must dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not suffice "if it

2

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"
*Id.* at 678.  "Conclusory allegations are not entitled to the assumption of
truth."  *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at
*4 (6th Cir. Oct. 21, 2025).  Additionally, a claim must exhibit "facial
plausibility," meaning it includes facts sufficient to allow the court to
"draw the reasonable inference that the defendant is liable for the
misconduct alleged."  *Id.*

Butts formally brings the following claims under 42 U.S.C. § 1983
related to his criminal prosecution: Count I for unlawful seizure and
detention without probable cause (Fourth Amendment), Count II for
Fifth Amendment due process violations in his arraignment, including a
conspiracy among the Defendants, and Count III for a civil conspiracy
to violate his rights under 42 U.S.C. § 1985.  He adds a Count IV for
"concealment" and "obstruction" of his Fourth and Fifth Amendment
rights, but this claim appears to be identical to Counts I and II.

The substance of his complaint reads as follows:

> Plaintiff, Stanley K. Butts, brings this action for
> violations of his constitutional rights arising from
> his unlawful arrest, detention, and continued
> restraint of liberty under color of law.  From the
> inception of this matter, state actors acted
> without lawful authority, failed to establish

jurisdiction, and deprived Plaintiff of due process of law. On February 3, Plaintiff was arrested by state actors without a valid showing of probable cause supported by sworn factual allegations. The arrest was executed pursuant to defective and conclusory charging instruments that failed to provide constitutionally adequate notice of the nature and cause of the accusations.

On February 4, Plaintiff was arraigned before the 36th District Court. At no point prior to or during the arraignment was Plaintiff afforded a meaningful opportunity to be heard regarding the jurisdiction of the court or the sufficiency of the charges. Despite the absence of a lawful foundation, the court proceeded to impose bond conditions and restrictions on Plaintiffs liberty.

. . .

Despite being placed on notice of these constitutional violations, Defendants continued to act under color of law to maintain control over Plaintiff's liberty, enforce bond conditions, and proceed with criminal prosecution.

. . .

During the proceedings, the court engaged in ex parte communications with the prosecution without notice to Plaintiff. Plaintiff was not present, notified, or afforded an opportunity to respond.

ECF No. 1, PageID.5-6, 10.

4

First, all three Defendants, who Plaintiff labels as the presiding judge and the prosecutors involved, are entitled to absolute immunity from monetary damages.  "[A] prosecutor enjoys absolute immunity from [§] 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).  A prosecutor is not entitled to absolute immunity when performing investigative or administrative functions.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).  The focus of the inquiry is how closely related the prosecutor's conduct is to her role as an advocate intimately associated with the judicial phase of the criminal process.  *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003).  Butts makes no allegations that the prosecutors in this case acted outside the scope of their role as advocate. He says, "Here, the prosecutor initiated and continued proceedings without probable cause, participated in ex parte communications, and acted outside the role of an advocate."  ECF No. 1, PageID.19.  But "initiating" and "continuing" criminal proceedings are paradigmatically within the scope of prosecutorial duties, and there are no allegations that these ex parte communications occurred outside Gabrielle and Hoffman's roles as prosecutor.  *Imbler*, 424 U.S. at 431 ("We hold []

5

that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"); *Harris v. Haley*, No. 25-cv-11730, 2025 LX 371456, at *6-7 (E.D. Mich. Aug. 6, 2025) (finding that alleged ex parte communications with the judge prior to court proceedings discussing plaintiffs' case fell within the prosecutorial role, and collecting cases).  So there are no nonconclusory allegations that would avoid absolute prosecutorial immunity, and Defendants Gabrielle and Hoffman are entitled to that immunity.[1]

As for Defendant Taylor, "[j]udicial officers generally are absolutely immune from civil suits for monetary damages . . . for their judicial actions." *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)).  There are exceptions: "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citation omitted).  And "a judge is not immune for actions, though

---

[1] Generally, affirmative defenses should be considered after a defendant responds, but if the affirmative defense is clear from the face of the complaint, a court may dismiss under Rule 12(b)(6) instead - and immunity from monetary relief is a required reason to screen a claim under the PLRA.  *See* 28 U.S.C. § 1915(e)(2); *Jones v. Bock*, 549 U.S. 199, 215 (2007).

judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12.  There are again no nonconclusory allegations, however, that the state court lacks jurisdiction over Butts or that any action has been taken by Judge Taylor in a nonjudicial capacity.  Butts does, to be fair, allege that "the court proceeded without lawful jurisdiction," but he never explains that allegation, and it remains a "naked assertion" devoid of necessary factual enhancement.  *See Iqbal*, 556 U.S. at 677-78. Butts is a resident of Detroit, Michigan.  ECF No. 1, PageID.1.  The criminal proceeding he complains of was brought in the 36th District Court in Detroit.  *Id.* at PageID.5.  It is not clear what he means by the court lacking jurisdiction over him, and that unexplained allegation is not sufficient to avoid the conclusion that Defendant Taylor is immune from monetary relief.

The inquiry could end there, but Butts does technically seek declaratory and "injunctive relief" in addition to monetary relief, although he does not clearly state what that relief might be.  ECF No. 1, PageID.23.  So the second point is that Butts' claims arise out of an ongoing state criminal prosecution.  ECF No. 1, PageID.6 ("Defendants continue[] to act under color of law to maintain control over Plaintiff[']s

7

liberty, enforce bond conditions, and proceed with criminal prosecution."). As to Count II for due process violations in his criminal proceeding, Count III for a conspiracy to violate his rights in that proceeding, and Count IV for concealment of unlawful conduct in that proceeding, all would call into question the validity of his conviction, if he is ultimately convicted. *See See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid . . . , or called into question by a federal court's issuance of a writ of habeas corpus"); *Holland v. Cty. of Macomb*, No. 16-2103, 2017 U.S. App. LEXIS 14958, at *5 (6th Cir. Mar. 17, 2017) ("If Holland were to prevail on his due-process, conspiracy, or malicious-prosecution claims, his conviction would be called into question."); *Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003) (applying *Heck* to a § 1985 conspiracy claim). Plaintiff has not satisfied the requirement that this allegedly unlawful criminal proceeding be first terminated in his favor in some

way.  *Thompson v. Clark*, 596 U.S. 36, 49 (2022) ("A plaintiff need only show that the criminal prosecution ended without a conviction.").  This requirement stems from the concern that parallel federal litigation would "run counter to core principles of federalism, comity, consistency, and judicial economy."  *Reed v. Goertz*, 598 U.S. 230, 237 (2023).  So those three counts would in any event be dismissed for failure to state a claim; the claims have not yet accrued.  *See Heck*, 512 U.S. at 489-90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"); *Reed*, 598 U.S. at 236 ("[A] procedural due process claim is not complete when the deprivation occurs.  Rather, the claim is complete only when the State fails to provide due process. . . . when the state litigation end[s,]" including state appellate review) (citations omitted, cleaned up).

As for those portions of Count I that relate only to an allegedly false arrest (or claims analogous to false arrest) prior to the initiation of his criminal trial proceedings, there is not a *Heck* favorable termination

9

requirement and the claim accrued when he was arraigned,[2] but the claim is nonetheless premature.  "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."  *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see Fox v. DeSoto*, 489 F.3d 227, 234 (6th Cir. 2007) ("In no uncertain terms, . . . the Court in *Wallace* clarified that the *Heck* bar has no application in the pre-conviction context.").

As explained, however, the Defendants are each immune from monetary damages, so the only claim Butts can pursue at this time is injunctive relief for the alleged false arrest under Count I.  But there Plaintiff still is barred from relief because federal courts do not - indeed,

---

[2] "[A] false imprisonment ends once the victim becomes held *pursuant to [legal] process*—when, for example, he is bound over by a magistrate or arraigned on charges."  *Wallace v. Kato*, 549 U.S. 384, 389 (2007).

cannot - interfere with ongoing state criminal prosecutions.  *See*
*Younger v. Harris*, 401 U.S. 37 (1971).  Abstention under *Younger* is
required when three conditions are met: (1) the state judicial proceeding
is ongoing, (2) the proceeding implicates important state interests, and
(3) the state provides an adequate opportunity to raise the
constitutional challenge.  *See id.* at 43-45.  Each of the elements for
*Younger* abstention are present in this case.  First, Plaintiff's criminal
charge is, according to the complaint, presently pending before a state
court.  Second, the criminal prosecution of violations of state law
implicates important interests concerning the state's police power.  *See*
*Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is
criminal in nature, the policy against federal interference is
"particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir.
1980) (stating that "Younger established a near-absolute restraint rule
when there are pending state criminal proceedings").  Third, Plaintiff
may raise his challenges to the lawfulness of the proceedings in the
pending state criminal proceedings and, if unsuccessful before the trial
court and upon conviction, on direct appeal before the state appellate
courts.  Plaintiff's allegations do not present any extraordinary

circumstance justifying this court's intervention, and thus abstention is appropriate and injunctive relief is unavailable. While a stay might be appropriate in other circumstances pending conclusion of the ongoing criminal proceedings, where injunctive relief is not available and monetary damages are not available because the defendants are each immune from such relief, there is no relief this court can award on these claims and dismissal is appropriate. *See Derrick v. Beale*, No. 2:21-CV-10717, 2021 LX 76750, at \*9 (E.D. Mich. Dec. 7, 2021) (Hood, J.) (dismissing and declining to stay proceedings where *Younger* abstention applied to injunctive relief and the defendants were immune from monetary relief).

## II.   CONCLUSION

For the reasons explained above, Plaintiff's claims for monetary relief under all counts are each **DISMISSED** because they seek monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii). His remaining claims for injunctive and declaratory relief under Counts II, III, and IV are **DISMISSED** in their entirety and without prejudice because the claims have not accrued and so they fail to state claim upon which relief can be granted. *Id.* at §

1915(e)(2)(B)(ii).  His remaining claims for injunctive and declaratory relief under Count I are **DISMISSED** in their entirety and without prejudice because that relief is unavailable to him for his pre-arraignment arrest under the *Younger* abstention doctrine, so he fails to state a claim upon which relief can be granted.  *Id.*  This order therefore dismisses all claims in this case, and a judgment will follow.

       **SO ORDERED.**

Dated: June 4, 2026                    <u>s/F. Kay Behm</u>
                                        F. Kay Behm
                                         United States District Judge